UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON HADLEY, # 290292,

       Petitioner,

                                                Case No. 09-cv-10297

v.                                            Honorable Mark A. Goldsmith

SHIRLEE HARRY,

       Respondent.

_____/

## ORDER
## DENYING PETITIONER'S SECOND MOTION FOR DISCOVERY

This is a habeas case brought under 28 U.S.C. § 2254. Pending before the Court is Petitioner Shannon Hadley's second motion for discovery. In his motion, Petitioner seeks copies of picture exhibits and fingerprint analysis results. Respondent has filed an answer to the petition along with the state-court records. For the reasons stated, the Court will deny the motion.

**I.    BACKGROUND**

Petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a bench trial in Wayne County circuit court on June 30, 2003. He was sentenced as a habitual offender, fourth offense, to twelve to twenty years in prison for the armed-robbery conviction, to run consecutively to the mandatory two-year prison term for the felony-firearm conviction. Petitioner's convictions stemmed from the robbery of Charles Drake, which occurred on December 28, 2002. Petitioner had been recently released on parole when the robbery occurred. Sergeant Odell Godbold witnessed the robbery and pursued Petitioner from the moment he left the victim to the moment he was apprehended.

## II. DISCUSSION

This is Petitioner's second motion for discovery. In this motion, Petitioner seeks pictures presented at trial depicting the site of the robbery. He is also seeking a fingerprint report regarding the weapon used on the night of the incident.

Habeas petitioners have no right to automatic discovery. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). A district court has the discretion, under Rule 6 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, to grant discovery to a petitioner in a habeas case upon a fact specific showing of good cause. *Id.* If a petitioner can point to specific evidence that might be discovered that would support his constitutional claims, he is able to establish good cause to obtain discovery. *Burns v. Lafler*, 328 F.Supp.2d 711, 718 (E.D. Mich. 2004). However, without a showing of good cause and without a habeas petitioner citing to specific information of what he hopes to learn from the additional discovery, a federal court will not order discovery. *Id.* A habeas petitioner's vague and conclusory allegations are insufficient to obtain additional discovery. *Burns*, 328 F.Supp.2d at 718. Additionally, a district court does not abuse its discretion in denying a habeas petitioner's request for discovery, where the request falls within the category of a "fishing expedition masquerading as discovery." *Stanford*, 266 F.3d at 460.

After careful review of Petitioner's motion, the Court concludes that Petitioner has not established good cause for the discovery requested at this time because he has failed to demonstrate that the additional materials are necessary for the proper resolution of this matter. If the Court determines that additional discovery is necessary after reviewing Respondent's answer and the Rule 5 materials on file, it will issue an appropriate order.

**III. CONCLUSION**

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's discovery motion. Should the Court determine that such materials are necessary for the resolution of Petitioner's case after reviewing Respondent's answer and the state court record, it will reconsider Petitioner's request and issue an appropriate order. Petitioner need not file an additional motion regarding this issue.

**IT IS SO ORDERED.**

Dated: December 9, 2010　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Flint, Michigan　　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 9, 2010.

　　　　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　　　　Case Manager