UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON HADLEY, # 290292,

        Petitioner,

v.                                                 Case Number: 09-cv-10297
                                                    Honorable Mark A. Goldsmith

SHIRLEE HARRY,

        Respondent.

_____/

**ORDER DENYING PETITIONER'S SECOND MOTION FOR EVIDENTIARY HEARING AND FIRST MOTION FOR APPOINTMENT OF COUNSEL**

This is a habeas case brought under 28 U.S.C. § 2254. Pending before the Court are Petitioner's second "Motion for Evidentiary Hearing" and first "Motion for Appointment of Counsel." For the reasons stated below, the Court denies the motions.

### I.  DISCUSSION

### A.  Evidentiary Hearing

Petitioner is requesting an evidentiary hearing regarding the trial court's failure to suppress the in-court identification. This is Petitioner's second request. Petitioner's first request was in regard to his trial counsel's failure to object to the in-court identification procedure.

The Court finds that an evidentiary hearing is not warranted at this time. Petitioner's request remains premature. Rule 8, Rules Governing Section 2254 Cases in the Untied States District Courts, states in pertinent part:

> If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

> If it appears that an evidentiary hearing is not required, the judge shall make such disposition

of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F.Supp.2d 547, 549 (E.D. Mich. 1999). It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F.Supp.2d 554, 560 (M.D. Pa. 1998).

The Court denies Petitioner's request for an evidentiary hearing without prejudice, because the Court has not yet had an opportunity to review the state-court record from Respondent. Therefore, the Court is unable to determine whether an evidentiary hearing on Petitioner's claims is needed. Following review of those materials, the Court will then determine whether an evidentiary hearing or an expansion of the record is necessary to resolve Petitioner's claims.

### B. Appointment of Counsel

Petitioner also requests that the Court appoint him an attorney, because the issues in his case are complex and substantial. However, there exists no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

The Court determines that the interests of justice do not require appointment of counsel at

this time. The Court will reconsider Petitioner's request if, following a review of the pleadings and the necessary Rule 5 materials, the Court determines that appointment of counsel is necessary. Petitioner need not file additional motions on this issue.

## II.  CONCLUSION

Accordingly, it is **ORDERED** that Petitioner's "Motion for Evidentiary Hearing " [dkt. # 16] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Appointment of Counsel" [Dkt. # 17] is **DENIED WITHOUT PREJUDICE**.

Dated: January 7, 2011
s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 7, 2011.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager

3