UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON HADLEY,

    Petitioner,

    v.                                            Case Number 09-CV-10297

SHIRLEE HARRY,                        HON. MARK A. GOLDSMITH

    Respondent.
_____/

## OPINION AND ORDER DENYING
## PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (Dkt. 32)

This matter is a habeas case. On March 22, 2012, this Court issued an Opinion and Order denying Petitioner's habeas application after rejecting each of his claims on the merits. 3/22/12 Order (Dkt. 23). The Court also denied Petitioner a certificate of appealability. Id. at 26. Petitioner moved for a certificate of appealability in the United States Court of Appeals for the Sixth Circuit, but it too denied Petitioner permission to appeal the decision. 12/7/12 Order (Dkt. 30). Presently before the Court is Petitioner's motion for relief from judgment (Dkt. 32), pursuant to Federal Rule of Civil Procedure 60(b)(6).

Rule 60(b) allows a party relief from judgment, order or other proceeding for several reasons, including (i) mistake, (ii) newly discovered evidence, (iii) fraud, (iv) void judgment, (v) satisfaction, release or discharge of the judgment, and (vi) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). Relief under Rule 60(b)(6) is available only in extraordinary circumstances not addressed by the first five subsections of Rule 60(b). Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has stated that courts "must apply subsection (b)(6) only as a means to achieve substantial justice when

something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more must include unusual and extreme situations where principles of equity mandate relief." Id. (ellipsis, internal citations, and quotations omitted, but emphasis in original). Petitioner's arguments do not demonstrate that an unusual or extreme situation exists that mandates relief from judgment.

Petitioner asserts in his motion that the Court failed to apply properly the holding of United States v. Tucker, 404 U.S. 443 (1972), to his claim that his prior convictions were obtained without counsel and were considered in imposing his custodial sentence. Pet'r Br. at 3-9. In Tucker, the Supreme Court held that a sentencing court's reliance on convictions that are "wholly unconstitutional under Gideon [v. Wainwright, 372 U.S. 335 (1963)] results in a sentence founded at least in part upon misinformation of a constitutional magnitude." Tucker, 404 U.S. at 447 (quotation marks omitted). As this Court explained in its prior Opinion and Order, see 3/22/12 Order at 25, it is a petitioner's burden to show both that he was without counsel for these prior convictions, and that the presence of counsel was not validly waived. See Hobson v. Robinson, 27 F. App'x 443, 445 (6th Cir. 2001) (holding that the burden is upon the petitioner to prove the invalidity or unconstitutionality of the prior convictions).

Petitioner failed to make such a showing in support of his petition. The Court noted that the only evidence marshaled by Petitioner on this issue was his presentence investigation report, which did not indicate that Petitioner was not provided with counsel for his prior convictions. 3/22/12 Order at 25. The report merely stated that it was "unknown" whether Petitioner had counsel. Id. The record also did not reveal whether there had been any waiver of counsel, if indeed Petitioner did not have counsel. Id. The Court concluded that, because Petitioner had

failed to demonstrate that his prior convictions were obtained without the benefit of counsel or that he did not validly waive his right to counsel, Petitioner was not entitled to habeas relief.  Id.

In the instant motion pursuant to Rule 60(b)(6), Petitioner has not offered any new evidence to show that the prior convictions were obtained without counsel.  Instead, Petitioner conclusorily argues that the Court erred by not taking into account that Petitioner's counsel should have objected at his sentencing due to the presentence reports noting that whether Petitioner had counsel at his previous convictions was "unknown" and for failing "to express denial [of Petitioner's petition] under federal or constitutional law."  Pet'r Br. at 4-6.  Petitioner also appears to argue that the presentence report satisfies the evidentiary burden because it states that whether he had counsel at his prior convictions was unknown.  Id. at 6-7.  The Court rejects Petitioner's arguments because they do not demonstrate that an unusual or extreme situation exists that warrants relief from judgment pursuant to Rule 60(b)(6).

Petitioner still has not presented evidence that he was without counsel or had not validly waived counsel for his prior convictions, as is his burden.  Hobson, 27 F. App'x at 445.  As the Court ruled earlier, the presentence report merely states that it was "unknown" whether Petitioner had counsel and does not address whether there had been any waiver of counsel.  The Court concludes that this record does not assist Petitioner in meeting his burden to demonstrate that his prior convictions were obtained without the benefit of counsel, or that he did not validly waive his right to counsel.  Furthermore, the Court's Opinion and Order denying habeas relief relied upon appropriate law, framing its analysis under the controlling precedent of Tucker.  3/22/12 Order at 25.

Accordingly, the Court denies Petitioner's motion for relief from judgment (Dkt. 32). The Court also declines to issue a certificate of appealability for the reasons previously stated in the March 22, 2012 Opinion and Order. Lastly, the Court does not provide Petitioner permission to proceed on appeal in forma pauperis because any such appeal would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated: June 18, 2014
Flint, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 18, 2014.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager